UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **SUSAN CARLISLE CARLSON, in her capacity as EXECUTOR OF THE ESTATE OF MARIANNE CARLISLE THOMASSON,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**THE NEWNAN TIMES-HERALD, INC., ELIZABETH NEELY, and WILLIAM THOMASSON,**<br><br>    **Defendants.** | Civil Action No. _____ |

## **COMPLAINT**

COMES NOW Plaintiff Susan Carlisle Carlson in her capacity as Executor of the Estate of Marianne Carlisle Thomasson ("Plaintiff" or "Executor"), by and through her undersigned attorney, and files this Complaint against Defendants The Newnan Times-Herald, Inc., Elizabeth Neely ("Ms. Neely"), and William Thomasson ("Mr. Thomasson"), (collectively, "Defendants"), respectfully showing the Court as follows:

## **INTRODUCTION**

Plaintiff brings this action for fiduciary violations of the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, related to the Plan, and seeks relief under ERISA § 502(a)(2), (3) for breaches of fiduciary duties owed pursuant to the Plan and prohibited transactions. Plaintiff also seeks to recover attorneys' fees and the costs of bringing this action pursuant to 29 U.S.C. § 1132(g).

## PARTIES

1.

Plaintiff Susan Carlisle Carlson is an individual residing in the state of Georgia, at all times relevant hereto. Executor Carlson is the sister of the late Marianne Carlisle Thomasson, and has been appointed the Executor of The Estate of Marianne Carlisle Thomasson by the Fayette County Probate Court, State of Georgia. A true and correct copy of Letters Testamentary is attached as Exhibit A.

2.

Defendant The Newnan Times-Herald, Inc. is a corporation based in Newnan, Georgia, that is both the Plan Sponsor and Plan Administrator for The Newnan Times-Herald, Inc. Employee Retirement Plan (the "Plan" or "401(k) Plan"), and a Plan fiduciary. The Newnan Times-Herald, Inc. can be served with process at 16 Jefferson Street, Newnan, GA 30264.

3.

Defendant Elizabeth Neely is an individual residing in, and doing business in,

the state of Georgia, at all times relevant to this complaint. Defendant Neely is the daughter of the late Marianne Carlisle Thomasson, and the niece of Executor Carlson. Defendant Neely acts as the Plan Administrator for the Plan, is a Plan fiduciary, and is the individual responsible for the decisions regarding Plan disbursements being challenged in this action. Ms. Neely can be served with process at 16 Jefferson Street, Newnan, GA 30264.

4.

William Thomasson is the husband of the late Marianne Carlisle Thomasson and the father of Defendant Neely. Mr. Thomasson can be served with process at 465 Austin Road, Newnan, GA 30263.

**JURISDICTION & VENUE**

5.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

6.

Venue is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) as Defendants do business, and the actions and harms alleged occurred, in this district.

7.

All conditions precedent to the bringing of this action have occurred or have

been performed. Alternatively, any condition precedent to the bringing of this action that has not occurred or has not been performed should be excused as futile, as a matter of fact and/or law.

**FACTUAL BACKGROUND**

8.

On May 13, 2021, Ms. Marianne Carlisle Thomasson, a former employee of The Newnan Times-Herald Inc., completed a distribution request claiming a distribution for the full amount of her 401(k) Plan assets.

9.

In response, the Plan Administrator, Ms. Neely, filed a Petition for Guardianship and Conservatorship and a subsequent motion requesting that Ms. Thomasson's assets be frozen, alleging that Ms. Thomasson's competence was compromised.

10.

Ms. Neely's motion requesting that Ms. Thomasson's assets be frozen was granted on June 8, 2021. The order instituted a freeze on Ms. Thomasson's assets that took effect on June 15, 2021, and ended on July 15, 2021.

11.

Ms. Neely was a Plan fiduciary, Ms. Thomasson's daughter, and the daughter

and heir of Mr. Thomasson, the beneficiary to Ms. Thomasson's 401(k) (Ms. Thomasson's husband). Ms. Neely did not hire or appoint an independent fiduciary to handle Ms. Thomasson's claim for benefits.

12.

The Plan Administrator did not take any action to process Ms. Thomasson's requested distribution according to the terms of the Plan.

13.

On June 9, 2021, Ms. Thomasson completed a withdrawal form for the second time, requesting that the full amount of her Plan 401(k) be distributed to her. This withdrawal form was forwarded to the Plan Administrator on that same date.

14.

The Plan Administrator again did not take any action to process Ms. Thomasson's second requested distribution according to the terms of the Plan.

15.

On September 12, 2021, Ms. Neely's guardianship petition was granted.

16.

On December 19, 2021, Ms. Thomasson passed away.

17.

When Ms. Thomasson's Last Will & Testament was filed, the relevant parties

in interest discussed the imperative of sorting out all assets prior to any distributions.

18.

While the legal and administrative process of organizing Ms. Thomasson's estate was underway, Mr. Thomasson, with full knowledge and participation of Ms. Neely as Plan Administrator, withdrew $406,281.71 from Ms. Thomasson's 401(k) account on March 28, 2022, reducing the account balance to zero.

19.

On June 10, 2022, Plaintiff sent an administrative appeal and demand letter to Defendants. Defendants issued an appeal denial letter on September 16, 2022.

## GOVERNING LEGAL PRINCIPLES UNDER ERISA

20.

The Plan qualifies as an employee benefit plan under ERISA as defined by 29 U.S.C. § 1002(2), providing retirement income to participants and their beneficiaries.

21.

ERISA § 502(a) provides the enforcement mechanisms for breaches of ERISA's requirements. *See* 29 U.S.C. § 1132(a)(2) (a civil action may be brought: "by a … fiduciary, for appropriate relief under section 1109 of this title."). ERISA § 409(a), provides, in pertinent part:

> any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Fiduciaries face potential personal liability. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1338-39 (11th Cir. 2006).

22.

ERISA §§ 404(a)(l)(A) and (B) provide, in pertinent part, that a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants, for the exclusive purpose of providing benefits to participants and their beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. These fiduciary duties under ERISA §§ 404(a)(l)(A) and (B) are referred to as the duties of loyalty, exclusive purpose and prudence, and are among the "highest known to the law." *Herman v. NationsBank Trust Co.*, 126 F.3d 1354, 1361 (11th Cir. 1997) (internal citation omitted). They entail, among other things:

(a) the duty to maintain and protect plan assets, and to make prudent decisions that are in the best interest of plan beneficiaries. *See* 29 U.S.C.

7

§ 1104(a)(1)(A)(i) ("[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries . . . .").

(b)　a duty to disclose and inform, which encompasses: (i) a negative duty not to misinform; (ii) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful; and (iii) a duty to convey complete and accurate information material to the circumstances; and

(c)　a duty to discharge fiduciary duties with respect to the plan solely in the interest of the participants, for the exclusive purpose of providing benefits to participants with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. *See* 29 U.S.C. § 1104.

23.

The duties of loyalty and prudence imposed by 29 U.S.C. § 1104 are supplemented by 29 U.S.C. § 1106, which details the prohibited transactions that constitute *per se* violations of ERISA. The general duties of loyalty and prudence imposed by 29 U.S.C. § 1104 are supplemented by 29 U.S.C § 1106, which provides a detailed list of prohibited transactions that constitute per se violations of ERISA.

29 U.S.C. § 1106(a)(1), in pertinent part, states that:

> (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—
>
> * * *
>
> (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan … .

Further, 29 U.S.C. § 1106(b) provides that:

> A fiduciary with respect to a plan shall not (1) deal with the assets of the plan in his own interest or for his own account; (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries; or (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

24.

Finally, 29 U.S.C. § 1002(14) defines a party in interest to include fiduciaries or employees of a plan itself, service providers, employers whose employees belong to a plan, employee organizations, those with various ownership stakes in certain corporations, partnerships, and joint ventures, and, as pertinent here, *relatives* of the above-described individuals.

25.

Non-fiduciaries that knowingly participate in prohibited transactions are liable to the Plan for equitable relief. *Harris Trust & Savings Bank v. Salomon Smith*

*Barney*, 530 U.S. 238, 120 S. Ct. 2180, 147 L. Ed. 2d 187 (2000).

## COUNT I – BREACH OF FIDUCIARY DUTIES – 29 U.S.C. § 1132(a)(2), (3) Against Defendants Neely and The Newnan Times-Herald, Inc.

26.

Plaintiff incorporates the preceding paragraphs 1-25 above as if set forth fully herein.

27.

Defendants Neely and The Newnan Times-Herald, Inc. acted as fiduciaries of the Plan pursuant to ERISA under 29 U.S.C. § 1002(2) & (21)(A) and the law interpreting those sections, as named/designated fiduciaries of the Plan and by exercising discretionary authority over the Plan's management or operations. As outlined herein, these Defendants had discretionary control and authority over the management and/or administration of the Plan and its assets, including acting as a fiduciary responsible for processing distribution requests under the Plan.

28.

The factual allegations detailed herein demonstrate that Defendants Neely and The Newnan Times-Herald, Inc. breached their fiduciary duties by failing to act in a prudent and/or loyal manner through the failure to make decisions that are in the best interest of plan participants. These Defendants, in violation of their fiduciary duties, refused to distribute Ms. Thomasson's plan assets, despite her two perfected

distribution requests.

29.

The factual allegations detailed herein further demonstrate that these Defendants breached their fiduciary duties by engaging in one or more prohibited transactions. Defendants orchestrated the situation which led to the payment of plan assets to a party in interest with a contingent future interest (the Plan Administrator's own father), rather than to Ms. Thomasson, who had a current perfected interest in her own plan assets. This was a prohibited transaction under ERISA.

30.

As a direct and proximate result of the breaches of fiduciary duty alleged herein, Plaintiff has suffered damages.

31.

Pursuant to ERISA, Defendants are liable to Plaintiff for losses caused by their breaches of fiduciary duty alleged in this Count.

### COUNT II – EQUITABLE RELIEF – 29 U.S.C. § 1132(a)(2), (3) Against Defendant William Thomasson

32.

Plaintiff incorporates the preceding paragraphs 1-31 above as if set forth fully herein.

33.

Mr. Thomasson, by accepting the Plan's disbursement of $406,281.71 from Ms. Thomasson's 401(k) account, to which he was not entitled, knowingly participated in the prohibited transactions committed by his daughter, Ms. Neely as Plan Administrator.

34.

A non-fiduciary who knowingly participates in a prohibited transaction is liable for equitable relief under ERISA. *Harris Trust & Savings Bank v. Salomon Smith Barney*, 530 U.S. 238, 120 S. Ct. 2180, 147 L. Ed. 2d 187 (2000).

35.

Plaintiff, on behalf of the Plan, is entitled to relief under 29 U.S.C. § 1132(a)(2) &/or (3), as well as all further equitable relief this Court deems just and proper.

### **COUNT III – ATTORNEYS' FEES – 29 U.S.C. § 1132(g)**
### **Against All Defendants**

36.

Plaintiff incorporates the preceding paragraphs 1-35 above as if set forth fully herein.

37.

Defendants' violations of ERISA have caused Plaintiff to incur litigation costs

and attorneys' fees to remedy the breaches herein.

38.

This Court should award Plaintiff the reasonable attorneys' fees and the litigation costs and expenses of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grant the following relief against Defendants:

(a) Find in favor of Plaintiff that Defendants Neely and The Newnan Times-Herald Inc. are liable for the breaches of fiduciary duties alleged herein, and award any and all appropriate relief to the Plan and Plaintiff including but not limited to surcharge;

(b) Find in favor of Plaintiff that Defendant Mr. Thomasson is liable for equitable relief as a non-fiduciary knowingly participating in a prohibited transaction under ERISA;

(c) Award Plaintiff reasonable attorneys' fees/costs pursuant to ERISA;

(d) Award prejudgment interest, pursuant to ERISA as available upon applicable claims; and

(e) Grant any and other such relief that this Honorable Court deems equitable and just.

Respectfully submitted on August 15, 2023.

*/s/ Nancy B. Pridgen*_____
Nancy B. Pridgen, Esq.
Georgia Bar No. 587949

PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, GA 30075
Phone:  470-333-7472
Fax:  678-812-3654
Email: nancy@pridgenbassett.com

*Attorney for Executor*

14